UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:14-cr-210-T-36MAP

JOSEPH PAUL VLADEFF
_____/

# **ORDER**

This cause comes before the Court upon Defendant Joseph Paul Vladeff's Motion to Suppress Evidence and Statements (Doc. 21).  The United States filed a response in opposition to the motion (Doc. 25).  On September 11, 2014, the Court held an evidentiary hearing and oral argument on the motion.  *See* Doc. 31.  The following witnesses testified at the hearing:  Sgt. Henry Gardner, James Dodrill, Det. Joseph Schlotter, SA Keary Hundt, and Cpl. James Derner.  Upon due consideration of the briefs, the evidence presented at the suppression hearing, and the oral argument, the Court will DENY Vladeff's Motion to Suppress.

## I.     FINDINGS OF FACT[1]

On July 3, 2013, Sergeant Henry Gardner observed a Dodge Ram that appeared to be speeding.  Gardner pulled behind the truck and observed its license plate number, then ran a computer check on that number.  The check revealed that the plate had been expired since 2010 and that it had been assigned to a trailer, not a pickup truck.  By the time the information came back, however, the truck had pulled into a Circle K and parked at a gas pump.  Gardner therefore followed the truck into the gas station and turned his vehicle around to face the truck because he wanted to make a traffic stop. There, he observed the driver of the truck exit the truck and go into

---

[1] The Court derives the facts from the testimony and exhibits presented at the suppression hearing.  The facts are undisputed unless otherwise noted.

the store.  When the driver returned to the truck and began pumping gas, Gardner approached him and asked him for his license and registration.  The driver stated that he did not have either one. Gardner asked the driver whether his license was suspended, and the driver stated that it was. Gardner asked the driver if he knew the tag was not assigned to the truck, and the driver stated that he knew about the tag violation.  Gardner then asked the driver for his name and date of birth, and the driver stated that he was Joseph Paul Vladeff and that his birthday was August 31, 1972.

Gardner asked Vladeff if he knew who owned the truck, and Vladeff said that he wasn't sure because he was borrowing it.  Suspecting that the truck may have been stolen, Gardner called for backup.  In response, Corporal James Derner arrived on the scene to stand by with Vladeff. Gardner then ran searches on Vladeff's information and the VIN of the vehicle.  From Vladeff's information, he discovered that Vladeff had a driver's license from Washington, but that it had been suspended for failure to pay an unpaid ticket and also probably for a DUI.  From the truck's VIN, he discovered that, although the truck had not been reported stolen, it was not insured, it was not registered with a license plate, and the last registered owner, Brian James Cox, was on the other side of the county.  Gardner performed a computer search to see if he could find contact information, such as telephone numbers, for Cox.  He did not locate any.

At that point, Gardner decided to impound the truck because it wasn't registered, it had no insurance, and he didn't know for sure who owned the truck.  Pursuant to departmental policy, Gardner began to inventory the vehicle.  As he began his inventory, he observed a beach towel between the driver's seat and the passenger seat.  When he removed the towel, he discovered a short-barreled shotgun.  Upon this discovery, he signaled for Derner to place Vladeff in custody and raised the gun for Derner and Vladeff to see by way of explanation.  Vladeff saw the gun, and spontaneously said, "Shit, I forgot that was in there."  Vladeff was then arrested for driving with a

2

suspended driver's license.  Vladeff was not arrested at that time for possession of the gun because it was necessary to first test-fire the gun to determine if it was functional.  The gun was subsequently tested and found to be functional.

In May 2014, a federal grand jury returned a two-count indictment charging Vladeff with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) and 5871.  Accordingly, Pasco County Detective Joseph Schlotter arrested Vladeff on June 4, 2014 pursuant to a federal arrest warrant. That day, Schlotter read Vladeff his *Miranda* rights, and then interviewed him regarding ownership of the shotgun.[2]  During the interview, Vladeff stated that he had purchased the gun from someone in the street with the intent to resell it for a profit.  The next day, Vladeff was transferred into federal custody.  Before he made his initial appearance in federal court, Special Agent Keary Hundt read Vladeff his *Miranda* rights, and Vladeff signed a form indicating that he agreed to waive them.  Hundt then proceeded to interview Vladeff.  During the interview, Vladeff admitted to possessing the gun, but added that he did not believe that it worked and that he had planned on giving it to someone else.

Vladeff now seeks to suppress the evidence seized from the pickup truck on July 3, 2013, as well as the post-arrest statements he made.  He argues that the evidence from the pickup truck must be suppressed because it was obtained in violation of his Fourth Amendment rights, and that his statements, made only after and because of the allegedly illegal search, must be suppressed as "fruit of the poisonous tree."

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966) for a discussion of these rights.

## II.     DISCUSSION

### A.     Search of Pickup Truck

The Fourth Amendment guarantees "[t]he right of the people . . . against unreasonable searches and seizures."  U.S. Const. Amend. IV. To deter lawless police conduct, evidence seized in violation of the Fourth Amendment must be excluded.  *See Terry v. Ohio*, 392 U.S. 1, 12 (1968). A warrantless search is *per se* unreasonable, "subject only to a few specifically established and well-delineated exceptions."  *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quotation marks and citation omitted).  One of these exceptions is the "inventory search" exception.  *See Colorado v. Bertine*, 479 U.S. 367, 371-72 (1987).  Under this exception, a search conducted pursuant to an inventory is lawful if the police "first have the authority to impound the vehicle," and then perform the inventory search "pursuant to explicit and comprehensive procedures."  *United States v. Williams*, 936 F.2d 1243 1248 (11th Cir. 1991).

Vladeff argues that the inventory search exception does not apply because Gardner did not have the authority to impound his car pursuant to the Pasco County Sheriff's Office's Standard Operating Procedures ("SOP") (Gov. Ex. 1).  Under the SOP, a deputy is authorized to remove a vehicle "from public property" when "the person in control of the vehicle fails to do so" and:

> 1. It is necessary to provide for the safety and security of the vehicle.
> 2. The vehicle is disabled on a street or roadway and is obstructing traffic.
> 3. Removal is necessary for public safety.
> 4. The vehicle is abandoned, parked, or stored on the public traffic way for a period of exceeding <u>48 hours,</u> in other than designated parking areas, and <u>within 30 feet</u> of the roadway of pavement edge determined <u>not to be private property</u>.
> 5. The vehicle is abandoned, parked, or stored on the public traffic way for a period <u>exceeding 10 days</u> in other than designated parking areas, and <u>more than 30 feet</u> from the roadway and pavement edge determined <u>not to be private property</u>. (*Vehicles abandoned in public access parking lots are not subject to towing by the Sheriff's Office*).
> 6. The vehicle is parked <u>while displaying a "vehicle for sale" sign </u>on a public traffic way, public highway, public parking lot or property, or on private property where the public has a right to travel.

7.  The vehicle has been stolen or used in the commission of a crime.
8. The vehicle is being operated upon public roads of the county in a condition that creates an immediate threat to the safety of other motorists or pedestrians.
9. The vehicle was used in the commission of a felony and confiscated according to the Florida Contraband Forfeiture Act.
10. The vehicle driver is taken into custody and reasonable efforts to provide alternatives to impound are unsuccessful.  *Id.*

*See* SOP at 2. (emphasis in original).

Vladeff contends that none of these elements were satisfied at the time Gardner decided to impound the truck—according to Vladeff, the vehicle was not on public property because it was at a gas station; Hope Hall was the owner of the vehicle and could have removed the car; and none of the above-listed conditions applied under the circumstances surrounding the traffic stop.

The Court disagrees.  *First*, although it is true that the vehicle was on private property when Gardner decided to impound it, Vladeff had driven it there from the public road before Gardner could effectuate a traffic stop.  Vladeff clearly intended to resume driving it on the public road immediately after he completed his activities on the private property.  Importantly, the nature of the private property—a gas station—in conjunction with the specific location of the vehicle at the property—the gas pump—and Vladeff's actions at the property—refueling the vehicle—indicate that the vehicle's presence on private property was to be but a brief interlude between its operation on public property.  This is not a situation where the vehicle was driven to a private residence or even a shopping center.  Under the specific circumstances of this case, the vehicle was effectively on public property, and Gardner was not required to wait until Vladeff resumed driving it on the public road.

*Second*, there is no evidence that "the person in control of the vehicle" could have removed the vehicle.  It is undisputed that Vladeff's driver's license was suspended.  But more importantly, the vehicle was unregistered and uninsured.  Accordingly, as Gardner testified, *no one* could have

5

driven the vehicle off the property in its current condition.  Further, on July 3, 2013, the titled owner of the pickup truck was Brian Cox.  Thereafter, in August 2013, the title to the pickup truck was transferred to Gary Hall.  Neither Gary Hall nor Hope Hall had title to the pickup truck on July 13, 2014.  Indeed, even when Gary Hall went to the Pasco County Sheriff's Office a month later, on August 19, 2014, with proper proof of ownership to retrieve the vehicle from impound, he was not permitted to drive it off the lot and had to have it towed.  Therefore, even if Hope Hall had been at the gas station when Gardner decided to impound the vehicle, and even if she had brought proper proof of ownership (which the evidence fails to demonstrate), she could not have removed the vehicle, except by tow truck.  Because Vladeff, the person in control of the vehicle, could not have removed the pickup truck, this requirement in the SOP is also satisfied.

*Finally*, at least two of the conditions listed under Section I.A of the SOP apply here.[3] Condition 1 permits an officer to impound a vehicle when "[i]t is necessary to provide for the safety and security of the vehicle."  SOP at 2.  Here, because no one at the scene could have removed the vehicle, there would have been no other option but to leave it there until its rightful owner was ascertained and contacted, and arrangements made for its proper removal.  But because significant time may have been required to determine the vehicle's owner and to then make proper arrangements, there was an "appreciable risk of vandalism or theft," *United States v. Foskey*, 455 Fed. App'x 884, 889 (11th Cir. 2012) (quotation marks and citation omitted).  Indeed, if the truck had been left at the gas station and subsequently vandalized, or turned over to a person who was

---

[3] The evidence also establishes that Vladeff was operating, at an unlawful speed and without a driver's license, an unregistered, uninsured vehicle, with an improper tag on the public roads of Pasco County.  His operation of this vehicle posed an immediate threat to the safety of other motorists or pedestrians.  *See* Condition 8 of the SOP.

later discovered not to be the owner, the Pasco County Sheriff's Office may have been subject to lawsuit and liability.

All of the conditions precedent to a lawful impound were satisfied.  Consequently, Gardner was required to inventory the truck as described in Section III, SOP at 4.  The inventory search exception therefore applies.  Accordingly, the evidence seized from the truck is not excludable, and the Court will DENY Vladeff's motion to suppress.[4]

### B.      Post-*Miranda* Statements

Vladeff argues that the statements he made following the search must be suppressed because they are "fruit of the poisonous tree," *see Wong Sun v. United States*, 371 U.S. 471, 484 (1963).  But because the Court has found that the search was conducted pursuant to a lawful impound and inventory, Vladeff's statements cannot be suppressed on that ground.  *See United States v. Bennett*, 555 F.3d 962, 968 (11th Cir. 2009).

Even assuming *arguendo*, however, that the search was illegal, the Court finds that the statements Vladeff made in June 2014 to the officers should not be suppressed.  To begin with, statements made following an illegal search are not automatically suppressed.  *See Wong Sun*, 371 U.S. at 487-88.  Rather, a court must determine whether the statements were a "product of free will," or whether they came "by the exploitation of the initial illegality."  *United States v. Edmondson*, 791 F.2d 1512, 1515 (11th Cir. 2986).  In making this determination, a court considers: "(1) the temporal proximity of the arrest and confession; (2) the presence of intervening

---

[4] Also without merit is Vladeff's suggestion that Gardner should have instead followed the provisions in Section V.A of the SOP, which provides for the removal of vehicles "abandoned on private property," SOP at 5.  There is no evidence that the vehicle was "abandoned" within any reasonable interpretation of that word.

circumstances; and (3) the purpose and flagrancy of the officers' misconduct." *Id.* (citation omitted).

None of these factors favor suppressing Vladeff's statements.  First, his confessions were made eleven months after the search of the vehicle, which is a sufficiently long time to attenuate any of its effects.  *See id.* at 1515-16.  Second, numerous intervening events occurred in those eleven months, and Vladeff was interviewed "away from the scene of the arrest" by officers who were not involved in the search.  Finally, there is no evidence that any of the officers acted with an intentional, flagrant disregard of Vladeff's rights.  Indeed, even if the impound and inventory search were unlawful, the evidence shows that Gardner acted in good faith in impounding the vehicle due to its lack of registration, lack of insurance, and lack of owner.  And, prior to each of his interviews, Vladeff was read his *Miranda* rights, including signing a form waiving those rights prior to his interview with Hundt.  In sum, Vladeff's confessions were voluntarily made and are sufficiently attenuated from the search such that they are the "product of free will."  Accordingly, the Court would not suppress the statements even if the search was found to be unlawful.

## III.  CONCLUSION

The truck that Vladeff was driving was subject to a legal impound and inventory search, so the evidence seized therefrom should not be suppressed.  Further, even if the search were illegal, the statements Vladeff made eleven months later should not be excluded because they were voluntarily made and are sufficiently attenuated from the search.  Accordingly, it is hereby

**ORDERED**:

1.      The Defendant's Motion to Suppress (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 24, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any